**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: HACKER, JOHN R.      §    Case No. 17-13855
                                     §
                                     §
                                     §
           Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 05/02/2017. The undersigned trustee was appointed on 05/02/2017.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of        $         3,400.00

      Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 1.82 |
| Bank service fees | 120.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 3,278.18 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 11/15/2017 and the deadline for filing governmental claims was 11/15/2017. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $850.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $850.00, for a total compensation of $850.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $3.76 for total expenses of $3.76[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/07/2018     By: /s/ Richard M. Fogel
                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (5/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A
Page: 1

**Case No.:** 17-13855  
**Case Name:** HACKER, JOHN R.  
**For Period Ending:** 08/07/2018

**Trustee Name:** (330720) Richard M. Fogel  
**Date Filed (f) or Converted (c):** 05/02/2017 (f)  
**§ 341(a) Meeting Date:** 06/13/2017  
**Claims Bar Date:** 11/15/2017

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | REAL PROPERTY<br>3620 W 115th St, Chicago, IL 60655- Single-family home: No equity for estate | 191,216.00 | 0.00 | | 0.00 | FA |
| 2 | AUTOMOBILES AND OTHER VEHICLES<br>1999 Mercury Mistic, 79000 miles: No equity for estate | 700.00 | 0.00 | | 0.00 | FA |
| 3 | AUTOMOBILES AND OTHER VEHICLES<br>2007 Chevy Aveo, 130000 miles: No equity for estate | 1,300.00 | 0.00 | | 0.00 | FA |
| 4 | HOUSEHOLD GOODS AND FURNISHING<br>Used Furniture, Living room Set, Bedroom Set, Kid bedroom set, Table, Chairs, Microwave: Inconsequential value to estate | 800.00 | 800.00 | | 0.00 | FA |
| 5 | ELECTRONICS<br>2 Tv's: Inconsequential value to estate | 200.00 | 200.00 | | 0.00 | FA |
| 6 | WEARING APPAREL<br>Everyday Used clothes and shoes: Inconsequential value to estate | 300.00 | 300.00 | | 0.00 | FA |
| 7* | BANK ACCOUNTS<br>Checking: Chase (See Footnote) | 2,000.00 | 7,271.04 | | 3,400.00 | FA |
| 8* | BANK ACCOUNTS<br>Savings: Chase Bank (See Footnote) | 200.00 | 785.37 | | 0.00 | FA |
| 9 | PENSION PLANS AND PROFIT SHARING<br>401 (k) plan- EXEMPT | 10,000.00 | 0.00 | | 0.00 | FA |
| 9 | **Assets Totals (Excluding unknown values)** | **$206,716.00** | **$9,356.41** | | **$3,400.00** | **$0.00** |

RE PROP# 7   Debtor ordered to turnover non-exempt funds per o/c 8-21-17.  Debtor ceased making payments.  Further administration is burdensome to the estate.

RE PROP# 8   Debtor ordered to turnover non-exempt funds per o/c 8-21-17.  Debtor ceased making payments.  Further administration is burdensome to the estate.

**Major Activities Affecting Case Closing:**

    3/31/18- Trustee was authorized to settle dispute with debtor regarding non-exempt property.  Final installment payment is due February 2019.

**Initial Projected Date Of Final Report (TFR):** 06/30/2019      **Current Projected Date Of Final Report (TFR):** 06/30/2019

UST Form 101-7-TFR (5/1/2011)

**Form 2**

Exhibit B
Page: 1

## Cash Receipts And Disbursements Record

| Case No.: | 17-13855 | Trustee Name: | Richard M. Fogel (330720) |
|---|---|---|---|
| Case Name: | HACKER, JOHN R. | Bank Name: | Rabobank, N.A. |
| Taxpayer ID #: | **-***5196 | Account #: | ******2300 Checking |
| For Period Ending: | 08/07/2018 | Blanket Bond (per case limit): | $5,000,000.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 08/29/17 | {7} | John R Hacker | Turnover of non-exempt funds per o/c 8/21/17 | 1129-000 | 1,000.00 | | 1,000.00 |
| 08/29/17 | {7} | John R Hacker | Turnover of non-exempt funds | 1129-000 | 1,000.00 | | 2,000.00 |
| 08/31/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 1,990.00 |
| 09/29/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 1,980.00 |
| 10/03/17 | {7} | John R Hacker | Installment payment per o/c 9-5-17 | 1129-000 | 350.00 | | 2,330.00 |
| 10/31/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 2,320.00 |
| 11/03/17 | {7} | John Hacker | Installment payment | 1129-000 | 350.00 | | 2,670.00 |
| 11/30/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 2,660.00 |
| 12/15/17 | {7} | John Hacker | Installment payment | 1129-000 | 350.00 | | 3,010.00 |
| 12/29/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,000.00 |
| 01/31/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 2,990.00 |
| 02/08/18 | 101 | International Sureties, Ltd. | 2018 bond premium #016073584 | 2300-000 | | 1.82 | 2,988.18 |
| 02/13/18 | {7} | John Hacker | Installment payment | 1129-000 | 350.00 | | 3,338.18 |
| 02/28/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,328.18 |
| 03/30/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,318.18 |
| 04/30/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,308.18 |
| 05/31/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,298.18 |
| 06/29/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,288.18 |
| 07/31/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 3,278.18 |
| | | **COLUMN TOTALS** | | | **3,400.00** | **121.82** | **$3,278.18** |
| | | Less: Bank Transfers/CDs | | | 0.00 | **0.00** | |
| | | **Subtotal** | | | **3,400.00** | **121.82** | |
| | | Less: Payments to Debtors | | | | **0.00** | |
| | | **NET Receipts / Disbursements** | | | **$3,400.00** | **$121.82** | |

*{ } Asset Reference(s)*    **UST Form 101-7-TFR (5/1/2011)**    *! - transaction has not been cleared*

**Form 2**

Exhibit B
Page: 2

## Cash Receipts And Disbursements Record

| | | | |
|---|---|---|---|
| **Case No.:** | 17-13855 | **Trustee Name:** | Richard M. Fogel (330720) |
| **Case Name:** | HACKER, JOHN R. | **Bank Name:** | Rabobank, N.A. |
| **Taxpayer ID #:** | **-***5196 | **Account #:** | ******2300 Checking |
| **For Period Ending:** | 08/07/2018 | **Blanket Bond (per case limit):** | $5,000,000.00 |
| | | **Separate Bond (if applicable):** | N/A |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******2300 Checking | $3,400.00 | $121.82 | $3,278.18 |
| | $3,400.00 | $121.82 | $3,278.18 |

UST Form 101-7-TFR (5/1/2011)

Page: 1

# Exhibit C

## Exhibit C

**Case: 17-13855**  **JOHN R HACKER**

Claims Bar Date: 11/15/17

| Claim No. | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Claim Ref | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| FEE | Richard M. Fogel<br>321 N. Clark St. #800<br>Chicago, IL 60654<br><2100-000 Trustee Compensation><br>, 200 | Administrative<br>08/07/18 | | $850.00<br>$850.00 | $0.00 | $850.00 |
| TE | Richard M. Fogel<br>321 N. Clark St. #800<br>Chicago, IL 60654<br><2200-000 Trustee Expenses><br>, 200 | Administrative<br>08/07/18 | | $3.76<br>$3.76 | $0.00 | $3.76 |
| 1 | Discover Bank Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>08/18/17 | | $18,929.18<br>$18,929.18 | $0.00 | $18,929.18 |
| 2 | Midland Funding, LLC Midland Credit Management, Inc. as agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>10/30/17 | | $5,042.37<br>$5,042.37 | $0.00 | $5,042.37 |
| 3 | Midland Funding, LLC Midland Credit Management, Inc. as agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>10/30/17 | | $4,379.07<br>$4,379.07 | $0.00 | $4,379.07 |
| 4 | Portfolio Recovery Associates, LLC Successor to SYNCHRONY Bank (WAL-MART)<br>POB 41067<br>Norfolk, VA 23541<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>11/06/17 | | $233.32<br>$233.32 | $0.00 | $233.32 |

Page: 2

# Exhibit C

## Exhibit C

**Case:** 17-13855        **JOHN R HACKER**

Claims Bar Date: 11/15/17

| Claim No. | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Claim Ref | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 5 | Portfolio Recovery Associates, LLC Successor to SYNCHRONY BANK (AMAZON.COM STORE CARD) POB 41067 Norfolk, VA 23541 <7100-000 Section 726(a)(2) General Unsecured Claims> , 610 | Unsecured 11/13/17 | | $2,326.22 $2,326.22 | $0.00 | $2,326.22 |
| 6 | COMENITY CAPITAL BANK C/O Weinstein & Riley P.S. 2001 Western Ave Ste. 400 Seattle, WA 98121 <7100-000 Section 726(a)(2) General Unsecured Claims> , 610 | Unsecured 11/14/17 | | $5,197.52 $5,197.52 | $0.00 | $5,197.52 |
| | | | **Case Total:** | | **$0.00** | **$36,961.44** |

**UST Form 101-7-TFR (5/1/2011)**

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 17-13855
Case Name: JOHN R HACKER
Trustee Name: Richard M. Fogel

**Balance on hand:** $ 3,278.18

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | | None | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 3,278.18

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Richard M. Fogel | 850.00 | 0.00 | 850.00 |
| Trustee, Expenses - Richard M. Fogel | 3.76 | 0.00 | 3.76 |

Total to be paid for chapter 7 administrative expenses: $ 853.76
Remaining balance: $ 2,424.42

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| | None | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 2,424.42

**UST Form 101-7-TFR(5/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

|  |  |  |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 2,424.42 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $36,107.68 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank Discover Products Inc | 18,929.18 | 0.00 | 1,270.98 |
| 2 | Midland Funding, LLC Midland Credit Management, Inc. as agent for Midland Funding, LLC | 5,042.37 | 0.00 | 338.57 |
| 3 | Midland Funding, LLC Midland Credit Management, Inc. as agent for Midland Funding, LLC | 4,379.07 | 0.00 | 294.03 |
| 4 | Portfolio Recovery Associates, LLC Successor to SYNCHRONY Bank (WAL-MART) | 233.32 | 0.00 | 15.67 |
| 5 | Portfolio Recovery Associates, LLC Successor to SYNCHRONY BANK (AMAZON.COM STORE CARD) | 2,326.22 | 0.00 | 156.19 |
| 6 | COMENITY CAPITAL BANK C/O Weinstein & Riley P.S. | 5,197.52 | 0.00 | 348.98 |

|  |  |  |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 2,424.42 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardily filed general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR(5/1/2011)**